# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

STEVE DUCAN,                                              PLAINTIFF
ADC #103550

v.                         1:18CV00083-KGB-JTK

CORRECTIONAL CARE SOLUTIONS, et al.                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.       Why the record made before the Magistrate Judge is inadequate.

      2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.       The detail of any testimony desired to be introduced at the hearing before the

District judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Steve Duncan is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. Defendants Correctional Care Solutions,[1] Griffin, Armstrong, and Cowell were dismissed on May 15, 2019 (Doc. No. 26).

Pending before the Court is remaining Defendant Fort's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 46-48). Plaintiff filed a Response in opposition to the Motion (Doc. No. 50).

### II. Amended Complaint

Plaintiff alleged he was diagnosed with Hepatitis C in 2014 and saw Defendant, via video-conference, in 2016 and tried to persuade him to prescribe a medicine called Harvoni, which Plaintiff believed can cure his disease. (Doc. No. 7, p. 4) When he saw Defendant in June 2017,

---

[1] Now known as "Wellpath, LLC." (Doc. No. 47-3, p. 1)

2

Defendant told him he did not qualify for the Harvoni because he was an inmate. (Id.) Defendant again refused to prescribe the medication in June 2018. (Id., pp. 4-5) Plaintiff claimed that Defendant ordered the medication in November-December 2018, after Plaintiff suffered from a swollen and bloated stomach with no energy and pale skin. (Id., p. 5)

**III.    Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.    See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).    "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"    Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).    "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"    Id. at 1135.    Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

    **A.    Defendant's Motion**

In his deposition, Plaintiff testified that he was first diagnosed with Hepatitis C in 2014 while incarcerated at the ADC. (Doc. No. 47-2, p. 19) Although he was not incarcerated for several months in 2016-2017, he was not able to obtain treatment for his disease at a free-world clinic.

3

(Id., p. 22) He admitted a lifetime of drug (methamphetamine) and alcohol abuse in the free world (Id., p. 24) He first saw Defendant Fort, via video-conference, when incarcerated at the Grimes Unit in June 2017, and stated he sued Defendant for the time period between June 2017 and June 25, 2018. (Id., p. 34) During that time, he also was enrolled in a chronic care clinic where he was seen by a medical professional every 90-120 days. (Id., p. 18) He admitted that an ultrasound of his liver in November 2018 showed the liver to be mildly enlarged and that his lab values improved in January 2019. (Id., p. 30) He stated he should have been prescribed Harvoni because it is a cure for Hepatitis C, and that while the ultimate decision was made by a committee, he did not know if Defendant was a member of that committee. (Id., p. 36) Although he requested damages for loss of his lifetime, he cannot prove the amount of loss. (Id., p. 44) He also stated that although his liver functions have improved, he did not believe his liver would improve. (Id., p. 44)

According to Plaintiff's medical records, Defendant Fort saw Plaintiff via videoconference, on June 6, 2017, December 15, 2017, March 26, 2018, and June 25, 2018. (Doc. No. 47-1, pp. 4, 92, 157, 196) During the December 2017 encounter, Plaintiff asked for treatment and Defendant explained that a criterion existed, and Defendant tried to review Plaintiff's lab results with him. (Id., p. 92) However, the encounter ended when Plaintiff asked another health professional for Defendant's address so he could "turn it in to Federal Court." (Id., p. 92) At the above-mentioned encounters, Defendant ordered lab tests, x-rays, a special diet, and instructed Plaintiff about his medical treatment. (Id., pp. 4, 157, 193, 196)

According to the Affidavit of Dr. Jeffrey Stieve, Regional Medical Director of Wellpath, LLC, the medical care provider for ADC inmates, ADC and Wellpath use an algorithm for the treatment of Hepatitis C. (Doc. No. 47-3, p. 2) The factors which are considered in the algorithm

4

are albumin levels, platelet count, clotting values, prior liver biopsy history, the presence of esophageal varices, and others. (Id.) Abstinence from alcohol and drug use allows the liver to heal itself and often liver function tests eventually normalize. (Id.)  Stieve reviewed Plaintiff's medical records and determined that Plaintiff's lab values were below the treatment threshold for Hepatitis C and his liver function lab values improved because of the lack of drug and alcohol use. (Id.) Based on this information, Stieve concluded that Plaintiff is not a candidate for treatment at this time, and that between 18-25 percent Hepatitis C patients in the ADC spontaneously clear the virus due to the natural immune system response. (Id.) Stieve also concluded Plaintiff has been provided appropriate access to health care and treatment. (Id., p. 3)

Based on this evidence, Defendant asks the Court to dismiss Plaintiff's complaint against him for failure to provide any evidence that he acted with deliberate indifference to his serious medical needs.  Rather, Defendant states that Plaintiff's complaint is a disagreement over the type of treatment he received, which does not rise to the level of a Constitutional claim for relief.

**B.    Plaintiff's Response**

In Response, Plaintiff states that a dispute of fact exists concerning whether Defendant violated his constitutional rights. Although Defendant stated Plaintiff was below the threshold for treatment, Plaintiff alleges Defendant told him he would meet the threshold in the free world. Plaintiff also complains that Defendant failed to order a nucleic acid amplification test which shows he did not provide Plaintiff the necessary treatment. Plaintiff also challenges Stieve's opinions and requests the opportunity to question him about them.

**C.    Analysis**

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that

Defendant acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this case, Plaintiff stated in his deposition that he sued Defendant for his treatment during a year time period, from June 2017-2018. However, his allegations of poor health in October 2018 in his Original and Amended Complaints, occurred after that time period. Plaintiff also admitted that during 2017-2018 he was seen by other medical professionals at chronic care clinic

visits and that his lab values improved. Although he stated often in his deposition and Complaints that the medication Harvoni would cure Hepatitis C, he admitted that the ultimate decision was made by a committee and that he did not know if Defendant was a member of the committee (Doc. No. 47-2, p. 36) He also admitted that his liver functions improved. (Id., p. 44) Although Plaintiff disagrees with Defendant's decisions, he provides no evidence that Defendant's actions were deliberate and indifferent to his serious medical needs, or that his health deteriorated because of the decision not to prescribe him the Harvoni medication. As noted above, a mere disagreement with a treatment decision does not rise to the level of a constitutional violation. Estate of Rosenberg v. Crandell, 56 F.3d at 37. Therefore, absent any additional evidence to show that Defendant acted with deliberate and reckless disregard for Plaintiff's health and safety, the Court finds as a matter of law that Plaintiff fails to support an Eighth Amendment claim for relief.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 46) be GRANTED, and that Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 16th day of September, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE